# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA IRENE PERRY,<br><br>    Plaintiff,<br><br>  v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>    Defendant. | Case No. 1:14-cv-00825-SMS<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT**<br><br>(Docs. 25, 29) |

    This is a Social Security appeal. Before the Court is Plaintiff's motion for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), and Defendant's motion to strike certain portions of Plaintiff's submissions thereof. Docs. 25, 29. No hearing was held as the Court found the matters suitable for submission on the papers. Local Rule 230(g).

**I.    LEGAL AND FACTUAL BACKGROUND**

    On May 30, 2014, Plaintiff filed a complaint challenging the denial of her disability insurance benefits and supplemental security income by the Commissioner of Social Security ("Commissioner"). Doc. 1. The Court issued an order on September 23, 2015, remanding the action to the Commissioner for further administrative proceedings at step three of the five-step sequential process.[1] While finding in favor of the Commissioner on the issues of Plaintiff's

---

[1] The Court will not recount in detail all of the facts of this case; instead, it incorporates by reference the "Factual Background" section from its September 23, 2015, order.

1

subjective complaints, third party statements, and treating physicians, the Court reasoned that failure to consider whether Plaintiff's mental impairments met or equaled one of the listed impairments, intellectual disability, under 20 C.F.R. Part 404, Subpart P, Appendix 1, section 12.05 ("listing 12.05C"), was not harmless error.  Doc. 23, pp. 23-25.

On December 23, 2015, Plaintiff filed a motion under EAJA seeking $7,342.52 in attorney's fees for 38.7 hours (5 hours at a rate of $190.06 and 33.7 hours at a rate of $189.68) expended on this case.  Attached to the motion are: (1) an itemized statement of the hours expended by Plaintiff's counsel, Jacqueline A. Forslund, (2) Ms. Forslund's declaration, and (3) the contingency agreement between Plaintiff and the Dellert Baird Law Offices, PLLC, through which Ms. Forslund is employed.  Doc. 25.  Plaintiff avers the criteria of section 2412(d)(1)(B)—she is the prevailing party, she is entitled to an award under EAJA, she has provided an itemized statement of the actual time spent and expenses incurred,[2] and the government's positions in the case at the agency and litigation levels were not substantially justified—are met.  Plaintiff requests that the award of attorney's fees be payable to the Dellert Baird Law Offices, PLLC, and mailed to her counsel.  Doc. 25.

On January 13, 2016, the Commissioner filed an opposition, contending her positions were substantially justified at the agency and litigation levels.  As to the agency level, she argues the ALJ's decision not to consider listing 12.05C was justified in law because it was Plaintiff's burden to raise it, which she did not do at the hearing or before the Appeals Council.  She points to evidence which allegedly show Plaintiff could not have met the listing and argue they show the ALJ's decision was justified in fact.  As to the litigation level, the Commissioner avers her position

---

[2] Plaintiff's itemized statement sets forth the time spent but not "the rate at which fees and other expenses were computed."  *See* 28 U.S.C. § 2412(d)(1)(B).  Rather, the rates are stated in Plaintiff's brief.  Doc. 25.

was substantially justified because she could not defend against an argument not raised by Plaintiff. Further, she contends that a substantial reduction in the award is warranted, if the Court grants Plaintiff's request, because the time expended by counsel were excessive, redundant, and resulted in limited success. Finally, as to the proper payee, the Commissioner asserts that the law mandates EAJA fees be awarded to Plaintiff and not her counsel. Doc. 27. Thereafter, Plaintiff filed a reply on January 20, 2016, wherein she recounted the Court's September 23, 2015 order and discussed the ALJ's duty to protect Plaintiff's interest by considering listing 12.05C. Plaintiff also addressed the reasonableness of her fees and requested additional attorney's fees in the amount of $417.16 (2.2 hours at a rate of $189.62) for the time spent preparing the reply. Doc. 28.

**II.     DISCUSSION**

As the Supreme Court has explained:

> eligibility for a fee award in any civil action requires: (1) that the claimant be a "prevailing party"; (2) that the Government's position was not "substantially justified"; (3) that no "special circumstances make an award unjust"; and, (4) pursuant to 28 U.S.C. § 2412(d)(1)(B), that any fee application be submitted to the court within 30 days of final judgment in the action and be supported by an itemized statement.

*Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 158, (1990).

> "Substantial justification means 'justified in substance or in the main— that is, justified to a degree that could satisfy a reasonable person.' " *Id.* (quoting *Pierce v. Underwood,* 487 U.S. 552, 565 (1988)) (internal quotation marks omitted). "Put differently, the government's position must have a 'reasonable basis both in law and fact.' " *Id.* (quoting *Pierce,* 487 U.S. at 565). "The 'position of the United States' includes both the government's *litigation position* and the *underlying agency action* giving rise to the civil action." *Id.* Thus, if "the government's underlying position was not substantially justified, we [must award fees and] need not address whether the government's litigation position was justified.

*Tobeler v. Colvin*, 749 F.3d 830, 832 (9th Cir. 2014) (quotations omitted and emphasis added). It is the government who bears the burden of showing its position was substantially justified. *Id.* "The nature and scope of the ALJ's legal errors are material in determining whether the Commissioner's

3

decision to defend them was substantially justified." *Sampson v. Chater*, 103 F.3d 918, 922 (9th Cir. 1996).

In dispute here is whether the Commissioner's positions at the agency and litigation levels were substantially justified. Turning first then to the Commissioner's position at the agency level: Here, that position was the ALJ's failure to consider listing 12.05C, which the Commissioner does not dispute. The question then is whether the ALJ was substantially justified in failing to consider Listing 12.05C.

In its September 23, 2015 order, the Court addressed the question of waiver and declined to apply the waiver rule. That the Court remanded for the ALJ to re-evaluate the evidence with an eye toward listing 12.05C does not mean, however, that the Commissioner's agency position was not substantially justified. *See Pierce*, 487 U.S. at 566 n. 2 ("a position can be justified even though it is not correct, and we believe it can be substantially (*i.e.,* for the most part) justified if a reasonable person could think it correct"). The Court agreed with the Commissioner that Plaintiff did not explicitly raise Listing 12.05C at the hearing before the ALJ. And because "[a]n ALJ is not required to discuss the combined effects of a claimant's impairments or compare them to any listing in an equivalency determination, unless the claimant presents evidence in an effort to establish equivalence," the ALJ had a reasonable basis in law not to discuss the listing. *Burch v. Barnhart*, 400 F.3d 676, 683 (9th Cir. 2005).

Under the circumstances, the ALJ's decision also had a reasonable basis in fact. To find that Plaintiff's impairment(s) met or equaled listing 12.05C, the evidence needed to show Plaintiff had: "(1) subaverage intellectual functioning with deficits in adaptive functioning initially manifested before age 22 [i.e., the evidence demonstrates or supports onset of the impairment before age 22]; (2) an IQ score of 60 to 70; and (3) a physical or other mental impairment causing an additional and significant work-related limitation." *Kennedy v. Colvin*, 738 F.3d 1172, 1176

(9th Cir. 2013); 20 C.F.R. pt. 404, subpt. P, app. 1, § 12.05.  As stated in the September 23, 2015 order, the ALJ had before him the following evidence:

> Plaintiff's twelfth-grade school record which reflected her academic performance, her claim that she read at a third grade level, Dr. Cushman's test results which showed Plaintiff's had an IQ at 63 and an academic achievement range between that of a first and third grader, and statements from Mses. Teske and Ms. [*sic*] Burns regarding Plaintiff's intellectual functioning.

He also heard Plaintiff testify that her mental conditions "started when [she] was 22."  Doc. 23, p. 24.  Objectively viewed, one could reasonably conclude they undermined a finding that onset of Plaintiff's mental impairment began before age 22.  Specifically, Dr. Cushman completed his examination of Plaintiff on or before February 8, 2012.  This means the IQ result reflected his view of Plaintiff's intellectual functioning at age 36, long after Plaintiff turned 22 years old.  *See, e.g., Oviatt v. Comm'r of Soc. Sec. Admin.*, 303 F. App'x 519, 523 (9th Cir. 2008) *(*agreeing the impairments did not meet or equaled listing 12.05C because claimant "failed to satisfy her burden because . . . the IQ tests were administered twelve to fourteen years after the relevant time period under the statute").[3]  Similarly, the Third Party Function Reports completed by Mses. Teske and Burns on December 11, 2011, and October 3, 2013, respectively, indicate that both women knew Plaintiff since she was 35 and 28, respectively.  Their observations and opinions of how Plaintiff's conditions affected her are therefore relevant only to the time period after Plaintiff turned 22 years old.  Combined with Plaintiff's express testimony that her mental conditions began at age 22, the Court is hard pressed, as would be a reasonable person, to conclude the ALJ did not have a basis in fact in not considering listing 12.05C.  *See Pierce*, 487 U.S. at 566 n. 2.  The Court therefore finds the Commissioner's position at the agency level substantially justified.

And because the Commissioner had basis in law and fact for her agency position, her

---

[3] This unpublished decision is citable under Rule 32.1 of the Federal Rules of Appellate Procedure.  *See also* 9th Cir. R. 36–3(b).

decision to defend that position before this Court was, by extension, also substantially justified. Based on the record, "a reasonable person could think [the Commissioner] correct" in arguing that Plaintiff's failure to raise the issue of listing 12.05C amounted to a waiver and that nonetheless the evidence shows she could not meet or equal the listing. *Id.* The Commissioner's positions at the agency and litigation levels were therefore substantially justified.

Finding an award of attorney's fees under EAJA unwarranted, the Court need not address the Commissioner's positions concerning the reasonableness of the fee requested and the proper payee.

### III.   CONCLUSION

Accordingly, the Court DENIES Plaintiff's motion for attorney's fees under EAJA. The Commissioner's motion to strike is thus moot.

IT IS SO ORDERED.

Dated:   **June 1, 2016**                                  **/s/ Sandra M. Snyder**
                                                          UNITED STATES MAGISTRATE JUDGE