# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA IRENE PERRY,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | Case No. 1:14-cv-00825-SAB<br><br>ORDER GRANTING PETITIONER'S MOTION FOR ATTORNEY FEES PURSUANT TO 42 U.S.C. § 406(b)<br><br>(ECF No. 34) |

Petitioner Jacqueline A. Forslund ("Counsel"), attorney for Plaintiff Patricia Irene Perry ("Plaintiff"), filed the instant motion for attorney fees on June 19, 2017. Counsel requests fees in the amount of $8,471.00 pursuant to 42 U.S.C. § 406(b)(1). On July 24, 2017, Plaintiff was granted an extension of time to file an opposition to the motion for attorney fees. Plaintiff's opposition was due by August 25, 2017. Plaintiff has not filed an objection to the fee request.

**I.**

**BACKGROUND**

Plaintiff filed the instant complaint challenging the denial of social security benefits on May 30, 2014. (ECF No. 1.) On September 23, 2015, the magistrate judge's order issued finding that the ALJ erred by not considering if Plaintiff met Listing 12.05C. (ECF No. 23.) The Court entered judgment in Plaintiff's favor and the action was remanded. (ECF No. 24.)

On remand, the ALJ found that Plaintiff was disabled as of December 31, 2004, and past benefits were awarded in the amount of $58,623.00. (ECF No. 33-2 at 2.) The Commissioner withheld $14,655.75 from the past-due benefit for attorney fees. (Id.) This amount equals 25

percent of the retroactive benefit award. (Id.) Petitioner's prior request for an award of attorney fees under the Equal Access to Justice Act ("EAJA") was denied. (ECF No. 32.)

## II.

## LEGAL STANDARD

In relevant part, 42 U.S.C. § 406(b)(1)(A) provides that when a federal court "renders a judgment favorable to a claimant . . . who was represented before the court by an attorney," the court may allow reasonable attorney fees "not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." The payment of such award comes directly from the claimant's benefits. 42 U.S.C. § 406(b)(1)(A).

The Supreme Court has explained that a district court reviews a petition for section 406(b) fees "as an independent check" to assure that the contingency fee agreements between the claimant and the attorney will "yield reasonable results in particular cases." Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002). The district court must respect "the primacy of lawful attorney-client fee agreements," and is to look first at the contingent-fee agreement, and then test it for reasonableness." Crawford v. Astrue, 586 F.3d 1142, 1148 (9th Cir. 2009). Agreements seeking fees in excess of twenty-five percent of the past-due benefits awarded are not enforceable. Crawford, 586 F.3d at 1148. The attorney has the burden of demonstrating that the fees requested are reasonable. Gisbrecht, 535 U.S. at 808; Crawford, 586 F.3d at 1148.

In determining the reasonableness of an award, the district court should consider the character of the representation and the results achieved. Gisbrecht, 535 U.S. at 800. Ultimately, an award of section 406(b) fees is offset by an award of attorney fees granted under the EAJA. Gisbrecht, 535 U.S. at 796.

The Ninth Circuit has identified several factors that a district court can examine under Gisbrecht in determining whether the fee was reasonable. In determining whether counsel met his burden to demonstrate that the requested fees are reasonable, the court may consider (1) the standard of performance of the attorney in representing the claimant; (2) whether the attorney exhibited dilatory conduct or caused excessive delay which resulted in an undue accumulation of past-due benefits; and (3) whether the requested fees are excessively large in relation to the

benefits achieved when taking into consideration the risk assumed in these cases. Crawford, 586 F.3d at 1151.

### III.

### DISCUSSION

The Court has conducted an independent check to insure the reasonableness of the requested fees in relation to this action. Gisbrecht, 535 U.S. at 807. Here, the fee agreement between Plaintiff and Petitioner provides that counsel can "seek fees from their past due benefits totaling up to 25% of all past due benefits" if benefits are awarded "after the Court remands the case to the Social Security Administration for further proceedings." (Fee Agreement & Contract, attached to Motion, ECF No. 33-1.) Plaintiff has been awarded benefits from October 2010 through October 2016 in the amount of $58,623.00. (ECF No. 33-2 at 2.) In determining the reasonableness of the fees requested, the Court is to apply the test mandated by Gisbrecht.

There is no indication that a reduction of fees is warranted for substandard performance. Counsel is an experienced, competent attorney who secured a successful result for Plaintiff. Although this action does involve six years of backpay, there is no indication that Counsel was responsible for any substantial delay in the court proceedings. Plaintiff agreed to a 25 percent fee at the outset of the representation and Petitioner is seeking payment of $8,471.00. This is 14.5 percent of the backpay award. The $8,471.00 fee is not excessively large in relation to the past-due award of $58,623.00. In making this determination, the Court recognizes the contingent nature of this case and Petitioner's assumption of the risk of going uncompensated. Hearn v. Barnhart, 262 F.Supp.2d 1033, 1037 (N.D. Cal. 2003).

In support of the motion, Petitioner submits a log of the time spent in prosecuting this action. (Time Sheet, ECF No. 33-4.) The log demonstrates that Petitioner spent 39.4 hours on this action. (Id.) When considering the total amount requested by Petitioner, the fee request translates to $215.00 per hour for Petitioner's services in this action.[1] In Crawford the appellate court found that a fee of $875 and $902 per hour, for time of both attorneys and paralegals, was

---

[1] The Court notes that at one point, Petitioner states that she is seeking $8,428.00 which would represent an hourly fee of $215.00 per hour. (ECF No. 33 at 4.) The Court finds the amount stated to be in error. Elsewhere in the motion Petitioner states that she is seeking $8,471.00 which would calculate to $215.00 per hour.

not excessive. Crawford, 486 F.3d at 1152 (dissenting opinion).

The Court finds that the requested fees are reasonable when compared to the amount of work Petitioner performed in representing Plaintiff in court. Petitioner's representation of the claimant resulted in the action being remanded for further proceedings and ultimately benefits were awarded. Counsel also submitted a detailed billing statement which supports her request. (ECF No. 33-4.)

The award of Section 406(b) fees is offset by any prior award of attorney fees granted under the EAJA. 28 U.S.C. § 2412; Gisbrecht, 535 U.S. at 796. In this instance, Petitioner did not receive a prior award of EAJA fees so the award of fees under Section 406(b) need not be offset.

## VI.

## CONCLUSION AND ORDER

For the reasons stated above, the Court finds that the fees sought by Petitioner pursuant to Section 406(b) are reasonable. Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion for an award of attorney fees pursuant to Section 406(b) in the amount of $8,471.00 is GRANTED; and

2. Pursuant to counsel's request, this amount shall be paid directly to Jacqueline A. Forslund. The Commissioner is to remit to Plaintiff the remainder of her withheld benefits.

IT IS SO ORDERED.

Dated: __**August 31, 2017**__

UNITED STATES MAGISTRATE JUDGE